MEMORANDUM **
Petitioner Khachik Marjanian appeals the district court’s order denying his application for habeas relief. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Reviewing de novo, McMurtrey v. Ryan, 539 F.3d 1112, 1118 (9th Cir.2008), we affirm.
1. The district court erred in holding an evidentiary hearing. Under Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011), “review under [28 U.S.C.] § 2254(d)(1) [of the Anti-terrorism and Effective Death Penalty Act of 1996] is limited to the record that was before the state court that adjudicated the claim on the merits.” In this case, the California Court of Appeal adjudicated Petitioner’s ineffective assistance of counsel claim on the merits. We therefore limit our review to the record that was before that court. Cannedy v. Adams, 706 F.3d 1148,1156 (9th Cir.2013).
2. The state court’s determination of the facts was not unreasonable. Petitioner’s trial counsel stated in his sworn declaration that he had informed Petitioner of the earlier plea offer but that Petitioner had rejected it. Trial counsel’s statement is corroborated by Petitioner’s later motion to dismiss for vindictive prosecution, in which Petitioner claimed that the State’s decision to bring second-degree murder charges was made in retaliation against Petitioner for “reject[ing] a proffered plea bargain of eight years and cho[osing] to exercise his right to a jury trial.” In light of that evidence, the state court’s decision to deny Petitioner’s ineffective assistance of counsel claim, which was premised on trial counsel’s alleged failure to inform Petitioner of the plea offer, was not unreasonable.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.